IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| George Chapman,<br><br>      Plaintiff,<br><br>vs.<br><br>Officer Devin Holmes and<br>Self Regional Health Care,<br><br>      Defendants. | Civil Action No. 6:17-266-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The plaintiff, who is proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code 1983 and submit findings and recommendations to the district court.

  On February 10, 2017, the plaintiff was specifically advised by order to keep the Clerk of Court informed of any change of address (doc. 6). On June 30, 2017, defendant Self Regional Health Care filed a motion to dismiss for failure to state a claim (doc. 31). By order filed the same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment and dismissal procedure and the possible consequences if he failed to respond adequately (doc. 33). The plaintiff's response was due on July 31, 2017. On July 5, 2017, defendant Devin Holmes filed a motion for summary judgment (doc. 37). On July 6, 2017, a *Roseboro* order, again advising the plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately, was mailed to the plaintiff (doc. 40).

On July 6, 2017, the Clerk of Court sent the plaintiff a letter advising him that several orders had been returned to the court and providing him with a change of address form (doc. 39). On July 11 and 18, 2017, the Clerk's letter and the *Roseboro* orders were returned as undeliverable (docs. 43, 44). No forwarding address was provided.

As the plaintiff is proceeding *pro se*, the court filed a second order on August 10, 2017, giving the plaintiff through August 30, 2017, in which to file his response to defendant Self Regional's motion to dismiss (doc. 46). The plaintiff was again specifically advised that, if he failed to respond, the action against Self Regional would be dismissed for failure to prosecute. The plaintiff did not respond. On August 22, 2017, the order was returned to the Clerk as undeliverable. There was no forwarding address provided (doc. 49)

The court also filed a second order on August 23, 2017, giving the plaintiff through September 12, 2017, in which to file his response to defendant Holmes' motion for summary judgment (doc. 51). The plaintiff was again specifically advised that, if he failed to respond, this action against defendant Holmes would be dismissed for failure to prosecute. The plaintiff did not respond. On September 5, 2017, the order was returned to the Clerk as undeliverable. There was no forwarding address provided (doc. 53).

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,

2

(4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses to the pending dispositive motions have been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' motions to dismiss and for summary judgment or the court's orders requiring him to respond. Nor has he complied with this court's order to keep the Clerk advised of any address change. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b). Should the district court adopt this recommendation, defendant Self Regional's motion to dismiss (doc. 31) and defendant Holmes' motion for summary judgment (doc. 37) will be rendered moot.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

September 15, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).