IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| George Chapman, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 6:17-cv-266-BHH ) |
| Officer Devin Holmes and Self Regional Health Care, | ) **ORDER** ) ) |
| Defendants. | ) ) ) |

This matter is before the Court upon George Chapman's pro se complaint, which alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On February 10, 2017, Plaintiff was specifically advised to keep the Court apprised of any change in his address. (ECF No. 6.) On June 30, 2017, Defendant Self Regional Health Care ("Self Regional") filed a motion to dismiss for failure to state a claim. (ECF No. 31.) On July 5, 2017, Defendant Officer Devin Holmes ("Holmes") filed a motion for summary judgment. The Magistrate Judge issued *Roseboro* orders in response to Defendants' motions, advising Plaintiff of the dismissal and summary judgment procedures as well as the potential consequence if he failed to respond to Defendants' motions.

On July 6, 2017, the Clerk of Court sent Plaintiff a letter advising him that several orders had been returned to the Court and providing him with a change of address form. (ECF No. 39.) On July 11 and 18, 2017, the Court's *Roseboro* orders were returned as undeliverable, and no forwarding address was provided. (ECF Nos. 43 & 44.)

Because Plaintiff is proceeding pro se, the Court filed another order on August 10, 2017, giving Plaintiff until August 30, 2017, to respond to Defendant Self Regional's motion to dismiss.  Plaintiff was specifically advised that if he failed to respond, then the action would be dismissed for failure to prosecute.  Plaintiff did not respond, and on August 22, 2017, the order was returned to the Clerk as undeliverable.  (ECF No. 49.)

On August 23, 2017, the Court filed another order giving Plaintiff through September 12, 2017, to file his response to defendant Holmes' motion for summary judgment.  Plaintiff was again specifically advised that if he failed to respond, then this action against would be dismissed for failure to prosecute.  Plaintiff did not respond and the order was returned as undeliverable on September 5, 2017.  (ECF No. 53.)

On September 15, 2017, the Magistrate Judge issued a report and recommendation ("Report") recommending that the Court dismiss this action with prejudice for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b).  On September 25, 2017, the Magistrate Judge's Report was returned to the Court as undeliverable, and Plaintiff has not updated the Court as to any change in his address.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life*

*& Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court **adopts the Report** (ECF No. 55), and it is

**ORDERED** that this action is dismissed with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

October 3, 2017
Charleston, South Carolina